UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| v. | Case No. 23-CR-283-JDR |
| BRAYDEN KENT BULL, | |
| Defendant. | |

**Government's Sentencing Memorandum**

The Court should accept the parties' Rule 11(c)(1)(C) agreement, depart downward one level, and sentence Bull to 50 years of imprisonment, the high end of the agreed-upon range. The range agreed upon by the parties is reasonable because it takes into consideration Bull's egregious crimes, which include sexually abusing and exploiting his two-year-old niece, while not undermining the purposes of sentencing under 18 U.S.C. § 3553(a). The stipulated range also accounts for Bull's acceptance of responsibility, and the benefit of avoiding further emotional and psychological trauma to the minor victim and her family if this case were to go to trial.

**Relevant Facts**

In October of 2021, Bull was entrusted to babysit his two young nieces. While babysitting them, Bull took his youngest niece, E.H., to a separate room and removed her diaper, exposing her vagina. Bull proceeded to sexually abuse E.H. by manually manipulating both her labia and buttocks with his hand and inserting a sex

1

toy into her vagina. While abusing her, Bull filmed the acts with his cell phone and sent images of the abuse to others through the application SnapChat.

In November 2021, officers executed a search warrant at Bull's residence after receiving several CyberTips. Bull's electronic devices were seized, and Bull admitted to receiving and distributing child pornography. However, Bull was adamant that he had never touched a child.

After a review of Bull's devices, officers discovered images and videos of Bull abusing E.H. The images had a time and date stamp, along with a geolocation stamp that showed that they were taken at Bull's residence. When questioned about the new evidence that was found, Bull admitted to inserting a "plug", into E.H., but Bull claimed that he only inserted the "tip" of the plug. Bull informed officers that his acts with E.H. took place over a 30-to-60-minute time period. Bull claimed that E.H. did not cry out during her roughly hour-long period of abuse because he did "nothing to hurt her."

Officers discovered additional child sexual abuse material on Bull's devices. These images showed minors, including toddlers, being tortured and sexually abused by adults. One of these videos showed a male toddler crying and screaming while being forced to perform oral sex on an adult male. Officers also discovered that Bull had been the subject of a previous child pornography investigation in 2015, when he was 17. Bull pleaded guilty to Distributing and Selling Child Pornography in a Rogers County juvenile case and received a ten-year probation sentence as a result of that investigation. (PSR at ¶ 47).

In September 2023, a grand jury indicted Bull for Aggravated Sexual Abuse of a Minor under 12 in Indian Country, Production of Child Pornography, Receipt and Distribution of Child Pornography, and Possession of Child Pornography in Indian Country. (Dkt. # 24). On November 9, 2024, Bull pleaded guilty to Counts 1–3 of the indictment pursuant to a plea agreement in which the parties agreed that an appropriate sentence would fall within the range of 30 to 50 years. (Dkt. # 48). The PSR determined that Bull faced a statutory range of 30 years to life on the aggravated sexual abuse charge, 15 to 30 years for production of child pornography, and 5 to 20 years for receipt/distribution of child pornography. (PSR at ¶ 61). He faced a guidelines range of life for the sexual abuse, 30 years for production of child pornography, and 20 years for receipt/distribution. (PSR at ¶ 62).

## Argument & Authorities

**The 18 U.S.C. § 3553(a) factors support a sentence of 50 years imprisonment.**

When determining an appropriate sentence, the Court must consider the 18 U.S.C. § 3553(a) factors, including: (1) the nature and circumstances of the offense, and (2) the need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence to criminal conduct, and protect the public from further crimes of the defendant. Here, all those factors support a sentence in the agreed-upon range.

   a. **Nature and Circumstances of the Offense**

In April 2021, Bull began downloading and distributing child pornography. Among the child pornography on Bull's devices, officers found videos and images of young children being tortured and abused. However, Bull's sexual exploitation of children was not limited to distributing and receiving child pornography made by others. On October 2, 2021, Bull filmed and sexually abused his two-year-old niece while her five-year-old sister sat in the other room.

> **b. The need for the sentence to reflect the seriousness of the offense, promote respect for the law, deter future criminal conduct, and protect the public from further crimes of the defendant.**

>    *1. A sentence of 50 years would reflect the seriousness of Bull's offenses.*

"Retribution is a valid penological goal." *Glossip v. Gross*, 135 S. Ct. 2726, 2769 (2015) (Scalia, J. concurring); *see also United States v. Martinez-Barragan*, 545 F.3d 894, 898 (10th Cir. 2008) ("[T]he length of the sentence reflects the gravity of the crime."). Here, the seriousness of Bull's crimes weighs heavily in favor of a sentence of 50 years. After being put in a position of trust by his sister, Bull violated that trust by sexually abusing his two-year-old niece while he was babysitting.

>    *2. A sentence of 50 years would promote respect for the law.*

When Congress passed the Protection of Children against Sexual Exploitation Act of 1977, it sought to address the organized, nationwide child pornography industry that was generating millions of dollars through the exploitation of children. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. 40, 42-43. The Act, which included 18 U.S.C. § 2251, was aimed at filling a void in federal law by targeting the production of materials depicting child abuse. S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 56. But the

Act and its later amendments are more than prophylactic measures. They reflect value judgments and accepted moral norms of our society. As one Senate Judiciary Committee report concluded: "the use of children…as the subjects of pornographic materials is very harmful to both the children and the society as a whole," describing the conduct as "outrageous." S. REP. 95-438, 5, 1978 U.S.C.C.A.N. at 43.

Bull's actions violated federal law, and they also transgressed every normative principle undergirding our laws and the sense of trust and morality associated with being put in a position of trust by a parent to watch over their child. Bull's sexual abuse and exploitation of his own niece and his participation in the sexual exploitation of children by trading child pornography are repugnant and corrosive to our society. A sentence of 50 years expresses an appropriate level of social condemnation of his crimes.

### 3. *A sentence of 50 years would provide adequate deterrence and protect the public.*

Deterrence is important for crimes involving the sexual abuse of children, including child pornography. *See United States v. Goldberg*, 491 F.3d 668 (7th Cir. 2007). "Sentences influence behavior, or so at least Congress thought when in 18 U.S.C. § 3553(a) it made deterrence a statutory sentencing factor." *Id*. The Supreme Court has noted "grave concerns over the high rate of recidivism among convicted sex offenders and their dangerousness as a class..." *Smith v. Doe*, 538 U.S. 84, 103 (2003). Bull fits well within that class and a lengthy sentence is necessary to protect Bull's own family members and other children in the community—now and well

into the future.

This Court should also impose a lengthy sentence to send a strong warning to other individuals currently involved in or considering similar conduct, who may have been inspired by Bull's conduct. *See United States v. Irey*, 612 F.3d at 1208 (11th Cir. 2010) ("There is another aspect of the compounding harm that the production and distribution of child pornography inflicts. It may incite or encourage others to sexually abuse children."). A sentence of 50 years imprisonment signals to other adults interested in the abuse and exploitation of children that such behavior is abhorrent and will be punished harshly.

## Conclusion

This Court should depart downward one level and sentence Bull to the range agreed upon by the parties. A sentence of 50 years imprisonment is reasonable because it reflects the seriousness of Bull's crimes, provides just punishment for those crimes, considers his acceptance of responsibility, prevents further emotional and psychological trauma to the minor victim and her family, protects other children in the community, and promotes respect for the law.

        Respectfully submitted,

        CLINT JOHNSON
        UNITED STATES ATTORNEY

        */s/ Ashley Robert*
        Ashley Robert, Texas Bar #24086955
        Assistant United States Attorney
        110 West Seventh Street, Suite 300
        Tulsa, OK  74119
        Telephone:  918.382.2700
        Facsimile:  918.560.7939

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2024, the foregoing document was electronically transmitted to the Clerk of Court using the ECF System for filing under seal and emailed to the following.

    Thomas H. Wright
    *Counsel for Defendant*

        */s/ Ashley Robert*
        Ashley Robert
        Assistant United States Attorney