UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>v.<br><br>BRAYDEN KENT BULL,<br><br>     Defendants. | Case No. CR-23-283-JDR |

SENTENCING MEMORANDUM

COMES NOW Defendant, Brayden Kent Bull ("Brayden"), by and through his attorney of record, Tom Wright, and in consideration of the 18 U.S.C. § 3553(a) factors, respectfully requests the Court accept the parties' F.R.Crim.P. 11(c)(1)(C) plea agreement and sentence him to 30 years imprisonment. In support, Bull states:

PERSONAL HISTORY

Victims become offenders. This cycle is one of the saddest realities of the criminal justice system. Brayden was a victim of sexual abuse by a relative when he was nine years old. He does not remember much about this incident. The mind blocks out many terrible experiences to protect us. He did not report it. He hid it from everyone…even himself. Even our darkest secrets cannot stay hidden forever. Brayden's trauma surfaced at age seventeen in the form of addiction to child pornography. He was charged with distribution of child pornography. He received a sentence of ten years' probation on October 25, 2016.

Brayden did well for almost five years. His offense conduct in this case began on October 2, 2021. On that date, Brayden's family decided to leave him to care for his two nieces, ages two and six. Taking care of a toddler meant changing diapers. Changing the first diaper must have

been a triggering event for Brayden. He was a sex offender with an inexplicable attraction to nude infants. He was seeing, touching, and cleaning a nude toddler. He could not resist the urge and recorded the event. He got away with it. Nine days later, he made another recording. Thirty-five days later he sent and received images and videos. On November 18, 2021 (forty-seven days later), law enforcement executed a search warrant at Brayden's residence and found child pornography. Brayden admitted the offense conduct on that day and was taken into custody. He has been in custody since November 18, 2021.

The United States initially filed a Criminal Complaint against Brayden on August 11, 2023, charging him with Possession of Child Pornography in Indian Country, Aggravated Sexual Abuse of a Minor under 12 Year of Age in Indian Country and Production of Child Pornography [Doc. 2]. He appeared for Initial Appearance on August 29, 2023, and waived his right to a preliminary hearing and a detention hearing [Doc. 16 and 17]. A grand jury returned a four-count Indictment on September 5, 2023, charging Brayden with Aggravated Sexual Abuse of a Minor, Production of Child Pornography, Receipt and Distribution of Child Pornography, and Possession of Child Pornography in Indian Country. On November 9, 2023, Brayden pleaded guilty to counts 1 through 3 pursuant to a plea agreement [Doc. 48]. The plea agreement contains a stipulation pursuant to F.R.Crim.P. 11(c)(1)(C) that the appropriate sentence is between 30 and 50 years imprisonment.

Brayden timely received and reviewed the PSR. He has no objections. He has a criminal history score of one and a Criminal History Category I. His Total Offense Level is 43 with a guideline range of life imprisonment. Brayden knows his addiction and admitted his conduct immediately upon encountering law enforcement. He has not fought these charges. He hopes for leniency. More than that though, he hopes for help. He does not like being addicted to child

pornography. He is not proud of what he did. He is remorseful and ready to accept any punishment the Court deems sufficient, but not greater than necessary.

## SENTENCING

In order to accomplish the purposes of sentencing, the sentencing court "shall impose a sentence sufficient, but not greater than necessary." *18 U.S.C. §3553(a)*. The sentencing judge should "consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." *Koon v. United States*, 518 U.S. 81, 113 (1996). In the ordinary case, the Commission's recommendation of a sentencing range will "reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives." *Rita v. U.S.*, 551 U.S. 338, 350 (2007). However, the sentencing Court ultimately determines whether the rough approximation generated by the Guidelines achieves 3553(a)'s objectives because it is "in a superior position to find facts and judge their import under §3553(a)" in each particular case. *Gall v. United States*, 552 U.S. 38, 51 (2007).

To make this determination, the Court considers "the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." *United States v. Booker*, 543 U.S. at 260. The Act further requires the sentencing court to impose sentences that "reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and effectively provide the defendant with needed educational or vocational training and medical care." *Id*. citing 3553(a)(2).

Consideration of the 3553(a) factors show that Brayden is not the ordinary case and the Guidelines' suggested punishment range of life imprisonment does not achieve 3553(a)'s objectives. Those factors include:

### Nature and Circumstances of the Offense

Brayden was a convicted sex offender on probation for possessing and distributing child pornography. On October 2, 2021, his family left two minor children, including a toddler, in his care with no other adults. During his care of these children, he changed the diaper of the toddler and recorded that event. He produced another video nine days later and shared images and videos thirty-five days later. Law enforcement executed a search warrant forty-seven days later (November 18, 2021). He admitted his offense conduct when interviewed by law enforcement on November 18, 2021.

### History and Characteristics

Brayden is a victim of sexual abuse that became a sex offender. He understands his addiction and wants help. He graduated high school in 2017. He was regularly employed at Sonic for two years prior to his arrest. He used marijuana prior to his arrest but has no other substance abuse issues.

### Seriousness of the Offense, Respect for the Law, and Just Punishment

Aggravated sexual abuse of a minor is among the most serious offenses. Brayden's offense stems from being a victim of child sexual abuse resulting in an addiction to child pornography. He is not proud of this addiction and wants help. He otherwise has shown respect for the law.

### Adequate Deterrence and Protecting the Public

Deterring similar conduct and protecting the public are likely the most significant considerations for the Court. Brayden should never be allowed to babysit children. His sentence should deter him from future conduct and deter others. The problem is that this type of conduct is difficult to deter with punishment. This conduct is an addiction that does not follow logic or reason. It must be treated to be deterred and protect the public. Thirty years is enough time to

provide treatment. Thereafter, the Court should order lifetime supervised release to protect the public.

**Education or Vocational Training, Medical Care, or other Correctional Treatment**

Brayden needs treatment for addiction to child pornography.

**Requested Sentence**

Brayden is prepared to accept whatever sentence the Court deems appropriate. He fully accepts responsibility for his actions. However, a sentence of life imprisonment does not meet the goals of 3553(a). Neither does a sentence of fifty years. Brayden requests the Court accept the parties' plea agreement and sentence him to thirty years imprisonment. This sentence is sufficient to achieve the goals of 3553(a), but not greater than necessary. Brayden is a victim of child sexual abuse that became an offender. He needs treatment to overcome this issue and protect the public.

WHEREFORE, for the above and foregoing reasons, Brayden Kent Bull respectfully requests the Court accept the parties plea agreement and sentence him to thirty years' imprisonment.

Respectfully Submitted,

WRIGHT, STOUT & WILBURN, PLLC

*/ s / Thomas M. Wright*
Thomas M. Wright, OBA #20378
300 West Broadway
P.O. Box 707
Muskogee, Oklahoma 74402
(918) 682-0091
(918) 683-6340 [Facsimile]
*Attorney for Brayden Kent Bull*

## CERTIFICATE OF SERVICE

  I Thomas M. Wright, hereby certify that on this 18th day of September, 2024, I submitted this document to the Clerk of Court for filing and service on all involved parties via the EM/ECF system.

                /s/ Thomas M. Wright